### No. 895

### ROCKEY v. ROCKEY

### No. 19361. Supreme Court

On motion to certify record. Dock. Sept. 24, 1925; 3 Abs. 610.

413. DIVORCE & ALIMONY—1. Where no allegation of alimony is set forth in petition of party, and where no evidence as to alimony is brought up in trial, can it be awarded to her?

2. Can court enter judgment against future earnings of party to action?

Clara Rockey was granted a divorce from Earl Rockey in the Geauga Common Pleas on grounds of gross neglect of duty; said decree giving her alimony of $200 and $25 a month for the support of a minor child of which she has custody. It was further ordered that Mrs. Rockey was to have all property owned by Earl Rockey or owned by both jointly.

Error was prosecuted and the Court of Appeals affirmed the Common Pleas judgment. The cause was filed in the Supréme Court and following are the errors complained of: That Clara Rockey was not entitled to a divorce; that she is not entitled to the $200 as alimony and $25 per month afterwards; that she is not entitled to his property; and that she was not entitled to exclusive custody of the minor child.

It is claimed the Bill of Exceptions sets forth that the husband always provided for his wife; that she admitted him to be a good, kind and affectionate husband; and that the husband gave her the privilege of drawing money on his bank account at any time. It is contended that the trial court said the following, "The plaintiff has testified that he was a good provider. She doesn't make any complaint about it. He gave her everything that she wanted. Provided well for her. What is there more than that you want to find out. She concedes he was a good provider."

It is claimed that the Court granted the divorce for gross neglect of duty when there is no such neglect in record or pleadings. It is argued that under 11988 GC. a divorce or judgment for alimony shall not be granted upon testimony of a party unsupported by other evidence; and no alimony can be granted because no allegation is set forth in the petition, nor was there any evidence introduced to that effect.

It is further claimed that Earl Rockey not having property to satisfy the decree for alimony the court entered judgment against his future earnings which is contrary to law. When alimony is prayed for it can only be granted out of real or personal property at the time of the divorce. Downing v. Downing, 24 N. P. n. s. 241.

Attorneys—J. K. Rockey, Lima, for plaintiff-in error; H. O. Bostwick, Chardon, for defendant-in-error.

---

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

Published in This Week's Abstract

### 17. ACCORD AND SATISFACTION

Creditor estopped to deny that check was accepted in full payment of disputed claim where check indorsed "in full payment to date," is accepted and deposited by creditor. Schwatzenberg v. Mayerson, U. S. App. 3 Abs. 656.

### 147. BILLS AND NOTES

1. Protection afforded to a holder in due course does not extend to a case where alleged holder is guilty of gross and inexcusable negligence.

2. Where bank is given note by payee thereof, as collateral security on loan from bank, and when it does not inform the maker of note that it holds against him, he thinking it to be lost, this is such gross and inexcusable negligence. First Tr. & Sav. Bk. v. Folino, OA. 3 Abs. 651.

### 225. CHARGE TO JURY

Where a correct statement of the law is embodied in a special request, it is obligatory upon the court to give it and not discretionary, and even though the court correctly stated the law in the general charge in reference to subject matter of the special request, the defect is not cured and it is reversible error. N. Y. Chic. & St. L. Ry. v. Nucifer, OA. 3 Abs. 655.

### 333. CRIMINAL LAW.

Person convicted of offense has right to be sentenced under law as it existed at commission and not as subsequently amended. Luff v. State, OS. 3 Abs. 660.